IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MOUNTAIN METAL CO., et al., )<br>)<br>Defendants )<br>_____ )<br><br>EXIDE CORPORATION and )<br>JOHNSON CONTROLS, INC. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>AARON SCRAP METALS, et al. )<br>)<br>Defendants. )<br>_____ ) | CIVIL ACTION NUMBER:<br><br>98-C-2562-S<br><br><br><br><br><br><br><br>CIVIL ACTION NUMBER:<br><br>98-C-2886-S |

**MEMORANDUM OPINION DENYING MOTION TO DISMISS**

Plaintiff Exide Corporation and Johnson Controls, Inc. (collectively "Plaintiffs) commenced this action on November 18, 1998 by filing a complaint alleging liability under Sections 107 and 113 of the Comprehensive Environmental Response Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9601 and 9613. Additionally, plaintiffs

1

seek declaratory judgment under §113(g)(2), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. In this complaint, Plaintiffs seek to recover cost they allegedly have incurred and will incur in connection with environmental contamination at the Interstate Lead Company ("ILCO") Superfund Site in Leeds, Alabama (the "Site".)

Plaintiffs allege that Svinga Brothers Corp. ("Svinga Brothers") and over 130 defendants "by contract, agreement or otherwise arranged for disposal or treatment, or arranged with a transporter for disposal or treatment, or hazardous substance at the Site . . . within the meaning of sections 107(a)(3) and (4), and 113(f) of CERCLA, 42 U.S.C. §§ 9607 (a)(3) and (4), 9613(f)." Plaintiffs Second Amended Complaint ¶ 8. Further, the Complaint generally alleges that all listed Defendants "sent and/or transported materials which contained hazardous substances (as that term is defined in section 101(14) of CERCLA, 42 U.S.C. §9601(14)) to the ILCO Site"

Defendant Svinga Brothers Corp. ("Svinga Brothers") has moved to quash service and to dismiss for lack of personal jurisdiction. For the reasons which follow, the motion is due to be denied.

I.

Svinga Brothers is a Florida corporation with its principal place of business in Miami, Florida. It is in the business of purchasing and selling scrap metal. Svinga Brothers sold batteries to Blattner Metals ("Blattner"), a company located in Jacksonville, Florida and these transactions took place entirely within the State of Florida. Blattner, at its own expense, arranged for transportation of the batteries by independent truckers which came to

Svinga Brothers to pick up the batteries. The independent truckers that picked up the batteries were Interstate Trucking, Interstate Lead Company's (ILCO) in-house transportation arm. The batteries were transported directly from Svinga Brothers to the ILCO site in Leeds, Alabama.

## II.

In deciding a motion to dismiss solely upon pleadings and affidavits and without an evidentiary hearing, the Court "must accept as true those allegations of the complaint which are not controverted by the defendant's evidence and deny the motion to dismiss if the plaintiff presents a prima facie case of jurisdiction." Bracewell v. Nicholsom Air Services, Inc., 748 F. 2d 1499, 1504 (11th Cir. 1984). "Where the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff." Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990).

For the Court to acquire jurisdiction over a nonresident defendant, the defendant must be amenable to service of process. Prejean v. Sonatrach, 652 F.2d 1260 (5th Cir. 1981). A federal court sitting in diversity achieves jurisdiction over an out-of-state defendant by service under the long-arm statue of the forum state. Rule 4.2(a)(2)(1) of the Alabama Rules of Civil Procedure permits service of process on an out-of-state defendant who has "some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action." Ala. R. Civ. P. 4.2(a)(2)(1). The Alabama Supreme Court has held that this subsection extends jurisdiction "as broad as the permissible limits of due process." Alabama Waterproofing Co. v. Hanby, 431 So.2d 141

(Ala. 1983). Thus, under Alabama law the Court must engage only a single-step analysis to determine whether personal jurisdiction exists; that is "whether the assertion of jurisdiction meets federal due process standards." MacKinnon v.St. Louis S. R. Co., 518 So.2d 89, 91 (Ala. 1987).

### III.

Svinga Brothers argues that there is absolutely no basis upon which personal jurisdiction over it may properly be premised and this action, accordingly, should be dismissed. Through affidavit testimony, Svinga Brothers denies that it has any knowledge, actual or constructive, that its batteries were resold or were intended for resale to Interstate Lead Company ("ILCO"). See Affidavit of Steven Isicoff. However, when Svinga Brothers contracted Blattner to dispose its batteries, Blattner became its agent. Alabama's long-arm statute provides for personal jurisdiction when a person has sufficient contacts with a state either ". . . acting directly or by agent . . . ."

Although Svinga Brothers argues that it had no knowledge of Blattner's intention as to the ultimate designation of the batteries, the facts show that on at least one occasion, a Svinga Brothers' employee acknowledged a written bill of lading that the Interstate Lead plant in Alabama was the ultimate destination of the batteries. Moreover, the trucks that picked up the batteries at Svinga Brothers bore the Interstate logo with Leeds, Alabama identified on the sides of the tractors as the locale of Interstate Lead. Therefore, Svinga Brothers is not only subject to personal jurisdiction because of the acts of its agent, Blattner, but because it had constructive knowledge, if not actual knowledge, that its batteries were

4

being disposed in Alabama.

The Court finds that it has specific jurisdiction over Svinga Brothers because the cause of action arises out of or is related to the defendant's contacts within the forum state. See <u>Helicopteros Nacionales de Columbia, S.A. v. Hall</u>, 466 U.S. 408, 414 (1984)

Accordingly, the Defendant's Motion to Quash Service and to Dismiss for lack of personal jurisdiction is hereby DENIED.

Done this \_\_\_3|st\_\_\_ day of May 2000.

*[signature]*
UNITED STATES DISTRICT JUDGE
U.W. CLEMON